UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MCMULLIN,

                Movant,

v.

UNITED STATES OF AMERICA,

                Respondent.

_____/

Criminal Case No. 11-20345
Civil Case No. 14-13484

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [61];
DENYING AMENDED MOTION TO VACATE [69]; DENYING SECOND AMENDED
MOTION TO VACATE [80]; AND DENYING CERTIFICATE OF APPEALABILITY**

On June 4, 2012, Movant pleaded guilty to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In his Rule 11 plea agreement [Doc. #28], Movant reserved his right to appeal the Court's Order [20] denying his Motion to Suppress Evidence [15], but otherwise waived his right to appeal. On September 27, 2012, the Court sentenced Movant to 180 months (fifteen years) of imprisonment, the minimum sentence mandated by the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Movant appealed the Court's denial of his motion to suppress. The Sixth Circuit affirmed on January 23, 2014.

On September 8, 2014, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [61].  Movant filed a supporting Memorandum [65] on September 30, 2014.  On October 31, 2014, Movant filed an Amended Motion to Vacate [69].  Upon order of the Court, the government filed a Response [76] to Movant's motions on January 21, 2015.  Movant filed an initial Reply [77] on February 4, 2015, followed by an Amended Reply [78] on March 2, 2015.  Movant filed a Second Amended Motion to Vacate [80] on July 17, 2015.

For the reasons stated below, Movant's Motion to Vacate, Set Aside, or Correct Sentence [61], Amended Motion to Vacate [69], and Second Amended Motion to Vacate [80] are **DENIED**.  Movant is **DENIED** a certificate of appealability.

## FACTUAL BACKGROUND

On direct appeal, the Sixth Circuit summarized the events leading to Movant's indictment as follows:

> On the night of May 3, 2011, Patrol Officers Kenneth Hampton and Anthony Lyons received a radio communication from a police dispatcher that there had been a report of an ongoing B & E, or breaking-and-entering, at an occupied dwelling located at 16572 Rockdale Court, Detroit, Michigan. The caller reporting the B & E, Ms. Dejuana Mays ("Mays"), advised that she was home and three people were attempting to break through her front window.
> The officers arrived at the Rockdale location no more than ten minutes after receiving the radio communication. Per their standard procedure, the officers parked their marked cruiser a few houses away

from the subject location and approached the house on foot. While approaching the house, the officers noticed McMullin standing close to the front of the caller's home. At that point, McMullin began walking away from the house in the general direction of the officers.

Officer Hampton testified that he advised McMullin to stop and show his hands. McMullin placed a beer he was carrying on the ground, complied with Officer Hampton's request, and advised the officers that he was "here for [his] people." Concerned for their safety and believing that McMullin might be a suspect in the breaking and entering, the officers immediately frisked McMullin to ensure that he did not have any weapons.

Both Mays and Michael Taylor ("Taylor"), Mays' boyfriend, testified that they attempted to advise the officers prior to the search that McMullin was not the perpetrator. However, Officer Hampton testified that he had no contact with Mays or Taylor prior to searching McMullin. During this search, Officer Hampton felt the handle of a gun in the front of McMullin's waistband and recovered a .38 caliber revolver. When McMullin admitted that he did not have a permit for the firearm, Officer Hampton placed him under arrest. Officer Lyons then approached the home to speak with the residents.

Officer Lyons learned that McMullin was not involved in the reported breaking-and-entering and that Mays believed it was her landlord who had attempted to enter the home. In fact, Mays testified during the suppression hearing that McMullin had been at her home that day, but he had left to go to the store prior to the reported breaking-and-entering. Mays also testified that Taylor arrived at her home about one or two minutes after the 911 call. Further, Mays testified that when McMullin returned to her home, he began knocking at the door, but Mays did not answer because she believed it was one of the people who had just attempted to break into her home.

Ultimately, McMullin was not charged with breaking-and-entering, but he was charged with being a felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1).

*United States v. McMullin*, 739 F.3d 943, 944–45 (6th Cir. 2014).

## ANALYSIS

To succeed on a motion to vacate, set aside, or correct sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

## I.      The search of Movant's person

Movant argues that he should never have been suspected of the reported breaking-and-entering. The import of Movant's argument is that no reasonable suspicion justified the search of his person, so the firearm discovered on his person should have been suppressed. However, Movant's trial counsel made a motion to suppress on this basis, which the Court denied. The Sixth Circuit affirmed the Court's denial of the motion, holding that "the officers' reasonable suspicion that McMullin was involved in the [breaking-and-entering] reportedly afoot—without the development of other circumstances sufficient to dispel the officers' reasonable suspicion—justified their stop and frisk of McMullin." *McMullin*, 739 F.3d at 947. Movant may not re-litigate this issue via the instant motions.

4

## II.     The ACCA enhancement

Movant argues that the Court erred by sentencing him to the ACCA's fifteen-year mandatory minimum.  The ACCA imposes a mandatory fifteen-year sentence on a felon-in-possession conviction if the defendant has three prior convictions for "violent felonies" and/or "serious drug offenses." 18 U.S.C. § 924(e)(1).  Movant argues that he has no prior convictions that meet the ACCA's definition of "violent felony."

However, Movant does not dispute the government's assertion that he has three prior convictions that meet the ACCA's definition of "serious drug offense." The ACCA defines "serious drug offenses" to include state-law offenses punishable by at least ten years and involving the manufacture, distribution, or possession with intent to manufacture or distribute a controlled substance. 18 U.S.C. § 924(e)(2)(A).  The government argues that Movant has at least three prior convictions under Michigan law that meet this definition: a 1996 conviction for possession with intent to distribute cocaine less than 50 grams; another 1996 conviction for delivery of cocaine less than 50 grams; and a 2002 conviction for delivery/manufacture of heroin less than 50 grams.  Michigan law provides that a conviction for manufacturing, delivering, or possessing with intent to distribute less than 50 grams of a controlled substance is punishable by twenty years of

5

imprisonment.  MICH. COMP. L. § 333.7401(2)(a)(iv).  The government therefore appears correct that three of Movant's prior convictions qualify as "serious drug offense" convictions.  *See United States v. Jordan*, 509 F. App'x 532, 535 (6th Cir. 2013)   (stating   that   convictions   under   Michigan   Compiled Laws § 333.7401(2)(a)(iv) qualify as ACCA predicate convictions).

Since Movant has not shown that he has fewer than three "serious drug offense" convictions, he has not shown that the Court erred by applying the ACCA's mandatory minimum sentence.  The Court therefore need not address whether any of Movant's other convictions qualify as "violent felony" convictions.[1]

### III.   Ineffective assistance of counsel

Movant alleges a violation of his constitutional right to the effective assistance of counsel, an "error of constitutional magnitude."  *See Pough*, 442 F.3d at 964.  To establish ineffective assistance of counsel, Movant must show that his counsel rendered deficient performance and thereby prejudiced Movant's defense so as to render the outcome of the proceedings unreliable.  *See Strickland v.*

---

[1] Movant's Second Amended Motion to Vacate [80] relies on the Supreme Court's recent holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In *Johnson*, the Supreme Court struck down, as unconstitutional, the "residual clause" of the ACCA's definition of "violent felony."  *Id.* at 2557–63.  Because the Court did not address the ACCA's definition of "serious drug offense," *Johnson* is irrelevant to the predicate convictions discussed above.

*Washington*, 466 U.S. 668, 687 (1984).   Movant identifies several alleged deficiencies in the performance of his trial counsel and appellate counsel.   None, however, meet the *Strickland* standard.

First, Movant faults his trial counsel for failing to challenge the application of the ACCA's mandatory minimum.   However, as explained above, Movant has failed to dispute that he has three "serious drug offense" convictions, and therefore has failed to articulate a viable challenge to the applicability of the ACCA.   Thus, he cannot show that counsel's failure to raise such a challenge rendered his performance deficient.

Second, Movant argues that his trial counsel was ineffective for failing to challenge the Probation Department's calculation of points to determine his criminal history category.   Movant claims that the Probation Department erred by twice assigning points to charges arising from a single incident of assault.   It appears, however, that the Probation Department assigned zero points to both charges.   Even if it were incorrect to assign zero points twice rather than once, the error had no effect on the calculation of Movant's criminal history category.   More importantly, Movant's counsel could not have secured a lesser sentence for Movant even if he had successfully challenged Movant's criminal history

category—Movant received the lowest sentence allowed under the ACCA. Movant therefore cannot show prejudice.

Third, Movant faults his appellate counsel for presenting no argument. Movant is correct that the *reply* brief filed by his appellate counsel presented no substantive argument on the suppression issue. The reply brief stated only that trial counsel had not waived the issue. In his *opening* brief, however, appellate counsel raised sufficient argument to permit the Sixth Circuit to rule on the constitutionality of the search of Movant's person. *See McMullin*, 739 F.3d at 945. Movant is therefore mistaken regarding the extent of appellate counsel's argument on the suppression issue—which, pursuant to Movant's plea agreement, was the only issue preserved for appeal. Movant has failed to identify any additional argument his appellate counsel should have made.

Finally, Movant alleges that his appellate counsel failed to keep him apprised of the status of his appeal, causing him to miss the deadlines for filing a petition for en banc review or a petition for a writ of certiorari. However, even if Movant was entitled to timely notice of the appellate decision from his counsel, he was not entitled to the assistance of counsel in filing a petition for writ of certiorari. *Nichols v. United States*, 563 F.3d 240, 248–51 (6th Cir. 2009) (en banc). He may not have been entitled to the assistance of counsel in filing a

petition for en banc review, either.  *See id.* at 252.  In any case, Movant has not shown any prejudice from his appellate counsel's failure to file a petition for en banc review.  The Sixth Circuit disfavors rehearing cases en banc and does so only in extraordinary cases.  *See Bell v. Bell*, 512 F.3d 223, 250 (6th Cir. 2008) (Moore, J., dissenting).   It is thus unlikely that the Sixth Circuit would have granted Movant's petition for rehearing en banc.  Even if it had granted the petition, it may simply have agreed with the panel decision; indeed, Movant has identified no error in that decision.  Counsel's failure to file a petition for rehearing en banc therefore does not undermine the Court's confidence in the outcome of the proceedings.

In sum, Movant has not shown that his right to the effective assistance of counsel was violated.

## CONCLUSION

For the reasons stated above, the Court will deny Movant's motions to vacate, set aside, or correct his sentence.  Further, Movant has failed to make a substantial showing of the denial of a constitutional right.  Thus, the Court will not grant Movant a certificate of appealability.  See *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence [61], Amended Motion to Vacate [69], and Second Amended Motion to Vacate [80] are **DENIED**.

**IT IS FURTHER ORDERED** that Movant is **DENIED** a certificate of appealability.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: October 8, 2015

10