UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                     Case No. 11-CR-20345

JOSEPH McMULLIN,
    Defendant.

## MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)

Comes Now, the defendant Joseph McMullin, pro se, and pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), hereby moves the Court for Compassionate Release on the basis of "extraordinary and Compelling Circumstances" as set forth below:

1). The defendant has complied with the statutory prerequisite of § 3582(c)(1)(A)(i) by filing an Administrative Remedy Request with the warden at his place of Confinement on July 10, 2020, seeking Compassionate Release for "extraordinary and Compelling Circumstances." See, (Attached). Thirty days has lapsed without a response from the warden. Accordingly, this matter is properly before the Court. See, § 3582(c)(1)(A) as amended by § 603(b) of the First Step Act (2018).

2), As the Court is aware, we are in the midst of a "Global Pandemic" caused by the highly contagious and deadly Coronavirus, or "COVID-19." Over 25 million people have been infected. Nearly 1 million people have died. There is no end in sight, and the spread of the deadly COVID-19 is only getting worse. A "National Emergency" has been declared by the President of the United States. see, Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak, www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak. World health officials warn that inmates in prison are at a heightened risk of contracting the deadly COVID-19 as inmates cannot practice the "social distancing" recommended by the CDC. see, United States v. Padilla, 2020 U.S. Dist. Lexis 102483 (N.D.CA. 6/11/20).

3), The defendant is in prison. The presence of COVID-19 has been detected there. see, United States v. Ayers, 2020 U.S. Dist. Lexis 95504, n.3 (Dist. D.C. 6/1/20); United States v. Brown, 2020 U.S. Dist. Lexis 98657 (M.D.TN. 6/4/20); United States v. Smith, 2020

U.S. Dist. Lexis 9541 (N.D. IA. 6/1/20). The defendant has been provided with only a Canvas mask, which are not effective against COVID-19. Further, he cannot practice "social distancing." And he is afflicted with heart disease, hypertension, diabetes, kidney disease, and high Cholesterol.

4). The Confluence of the COVID-19 pandemic, and the underlying medical conditions noted herein at paragraph 3 presents "extraordinary and compelling Circumstances" for purposes of a motion under § 3582(c)(1)(A)(i). See, Padilla, supra; United States v. Rodriguez, 2020 WL 1627331 (E.D. PA. 2020). Here, unless the motion is granted, it is very likely that the defendant will contract COVID-19 and die from it due to the underlying medical conditions identified herein at paragraph 3. A number of Courts have granted Compassionate Release to avoid that fate. See, e.g., United States v. Gutman, 2020 U.S. Dist. Lexis 84316 (Dist. MD. 2020); United States v. Kelly, 2020 U.S. Dist. Lexis 77080 (S.D. MS. 2020); United States v. Brown, 2020 U.S. Dist. Lexis 87133 (S.D. IA. 2020).

All things considered, the defendant's Motion For Compassionate Release should be granted on the authority of Padilla, Rodriguez, Gutman,

(3)

Kelly; and Brown.

Dated at Butner, North Carolina this 16 day of August, 2020.

Respectfully Submitted,

*Joseph P. McMullin*

Joseph P. McMullin
#45825-039
Butner FCI (II)
P.O. Box 1500
Butner, NC 27509

(4)

Joseph P. McMullin #45825-039
Federal Correctional Institution 2
P.O. Box 1500
Butner, NC 27509

Hon. Judge Arthur J. Tarnow
Theodore Levin U.S. Courthouse
231 West Lafayette Blvd. - Room 124
Detroit, Michigan 48226

8/11/20

Raleigh NC
PM 0C 275
MON 17 AUG 2020