UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

5

JOSEPH P. MCMULLIN )
Petitioner, )
) Case. No. 11-20345
)
V )  Hon. ARTHUR J. TARNOW
UNITED STATES OF AMERICA )
Respondent, )

## Motion Pursuant to the FIRST STEP ACT.

Now comes Joseph Patrick McMullin (Petitioner) reg. no. 45825-039 who is serving a determinate sentence at the Federal Correctional Institution II at Butner, North Carolina, petitioning this honorable court pursuant to the recently enacted FIRST STEP ACT.

## Pro-Se Pleading

Petitioner is submitting this Motion without the assistance of legal counsel, Pro-se and invokes the "liberal construction Standard" as set forth in Haines v. Kerner, 404 U.S. 519-520; 92 S. Ct 594 (1972), because he does not know all of the filing requirements of this honorable court.

Petitioner avers pursuant to the FIRST STEP ACT and the amendments within, particularly in reference to Title IV Sentencing Reform, specifically sec. 401 Reduce And Restrict Sentencing For Prior Drug Felonies, subsection (a) Controlled Substances Act amendments. Petitioner avers that he will no longer be eligible for the ACCA designation, due to the change in the requirements of the Statute, which reads in part - 924(e)(2) "an offense under State law, involving Manufacturing, distributing, or possessing with intent to Manufacture or distribute, a Controlled substance (as defined in Section 102 of the Controlled Substances Act (21 U.S.C. 802), for which a maximum term of imprisonment of (10) ten years or more is prescribed."
The petitioner asserts that, due to the amendments the Statute now reads as follows; Section 102 of the Controlled Substances Act (21 U.S.C. 802), by adding at the end '(57) the term 'Serious drug felony' Means an offense described in Section 924(e)(2) of title 18 United States Code for which - (A) the offender served a term of imprisonment of more than (12) twelve Months.
The petitioner asserts that, he did not serve a term of more than (12) twelve Months for all of the predicate charges. And therefore the ACCA designation no longer applies, the petitioner throws himself at the Mercy of this honorable court and asks for this improper sentence to be set aside, remanded and the petitioner be resentenced without the ACCA designation. Petitioner would like to further state that he has already Completed 85% of the current sentence, and asks that the Court will take this fact into Consideration, as well as the petitioner getting advanced in age and having underlying

(1)

Medical conditions making him more susceptible to the recent outbreak of COVID-19.

Petitioner seeks relief based on the change of the wording in the statute due to the amendments from the FIRST STEP ACT. Whereas the applicability to the petitioner no longer fits, due to the Controlled Substances Act sec. 102 definition (21 U.S.C 802) for which a maximum term of imprisonment of (10) ten years or more is prescribed, this is no longer the case. It now has to be a term of more than (12) twelve months to be applicable, and in the petitioners case it is not.

Respectfully Submitted,
JOSEPH P. MCMULLIN

Joseph P. McMullin

Reg. No.
45825-039

Dated: 08-03-2020



8/6/20

Joseph P. McMullin #45825-039
Federal Correctional Institution 2
P.O. Box 1500
Butner, NC 27509

Hon. Judge Arthur J. Tarnow
231 Theodore Levin Bldg.
ATTN: Office of the Clerk
Detroit, MI 48226

LEGAL MAIL



U.S. MARSHALS

FEDERAL CORRECTIONAL INST. #2
P.O. BOX 1500
BUTNER, NORTH CAROLINA 27509

DATE: 8-5-20
"SPECIAL/LEGAL MAIL"

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened or inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another addressee, please return the enclosed to the above address.

LEGAL MAIL